IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* Frank T. Columbia,  Plaintiff,  v.  EASTERN HEALTH SYSTEM, INC. d/b/a MEDICAL CENTER EAST,  Defendant. | CV-02-BE-1597-S |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

This case is currently pending before the court on a partial motion for summary judgment (doc. # 80) filed by Defendant Eastern Health Systems d/b/a Medical Center East ("MCE") and a partial motion for summary judgment filed by Plaintiff Frank T. Columbia (doc. # 82). The motions have been fully briefed and argued by both parties. Also pending before the court are the defendant's motions to strike the testimony of Frank Capozza (doc. # 88) and to strike the unsworn testimony of Frank Capozza (doc. # 92).

For the reasons stated on the record at the December 19, 2006 hearing, the court concludes that the defendant's motion for partial summary judgment on count I of the Third Amended False Claims Act Complaint is due to be GRANTED. Based on the court's determination that plaintiff has not raised a genuine issue of material fact on issues related to the False Claims Act, count II of the amended complaint alleging a conspiracy to submit fraudulent

1

claims in violation of the False Claims Act is also due to be DISMISSED as a matter of law pursuant to FED. R. CIV. P. 56.

Lastly, the court concludes that the defendant's motion to strike the testimony of Frank Capozza is due to be DENIED and the motion to strike the unsworn testimony of Frank Capozza is MOOT. The defendant's challenges go more to the weight to be given to Capozza's testimony, not to its admissibility.

The facts, within the requisite standard of review, are relatively straightforward. Plaintiff Frank T. Columbia filed the present complaint, as amended, against defendant Eastern Health Systems d/b/a Medical Center East ("MCE") alleging violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*; retaliatory discharge under the FCA; and state law defamation. The violations arise out of allegedly fraudulent billing practices by MCE.

In essence, Columbia alleges that MCE billed Medicare for payment of complete containers of contrasting agents used during various radiological procedures, even though employees only typically used a partial quantity of the container while the remaining amount of contrast material was used for and charged against another patient as a full container of contrast.

The plaintiff worked as an x-ray technician in MCE's radiology department from November 2000 to May 24, 2002. Although plaintiff entered information into MCE's computer about the amount of contrasting agent used on a particular patient, he testified that he has absolutely no information about how patients were ultimately billed for radiographic contrast materials and does not know whether MCE ever billed for the contrast material at issue.

On July 1, 2000, four months before plaintiff began working at MCE, Medicare changed its methodology of reimbursement. The Outpatient Prospective Payment System ("OPPS")

replaced the "Reasonable Cost" method of managing Medicare reimbursements. Beginning in July 2000, hospitals typically received "lump payments" for all services provided as part of a particular procedure. Reimbursement is not dependent upon which services are actually provided or the amount of contrasting agent used during a particular procedure, but rather on the procedure as a whole.

Although services incident to the performance of a radiological procedure are not charged to the patient individually, hospitals, under OPPS, are still required to identify on the UB-92 the supplies which are used in each procedure for the purposes of building more current costs databases. Thus, under OPPS, hospitals are required to list services grouped within procedures, even though no individual payment is expected for individually listed items.

## II. STANDARD OF REVIEW AND DISCUSSION

Summary judgment is an integral part of the Federal Rules of Civil Procedure and allows a trial court to decide cases where no genuine issues of material facts are present. Fed. R. Civ. P. 56. Disagreement between the parties is not significant unless the disagreement presents a "genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). *See also, Celotex v. Catrett*, 477 U.S. 317, 327 (1986). A factual dispute is genuine where "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 251-52. In opposing a motion for summary judgment, "a party may not rely on his pleadings to avoid judgment against him." *Ryan v. Int'l Union of Operating Eng'rs, Local* 675, 794 F.2d 641, 643 (11th Cir.1986).

To establish a *prima facie* case under the FCA, a plaintiff must prove that (1) the defendant presented or caused to be presented a claim for payment to an agent of the United States; (2) the

claim was false/fraudulent; and (3) the defendant had knowledge that the claim was false or fraudulent. *U.S. v. R&F Prop. of Lake County, Inc.*, 433 F.3d 1349, 1355 (11th Cir. 2005). Medicare claims may be false if they claim reimbursement for services or costs that are either not reimbursable or were not rendered as claimed. *United States v. Calhoon*, 97 F.3d 518, 524 (11th Cir. 1996).

The submission of a false claim is the *sine qua non* of a False Claims Act violation. *United States ex rel. Clausen v. Laboratory Corp. of Am., Inc.*, 290 F.3d 1301, 1311 (11th Cir. 2002). The FCA does not "create liability for a health care provider's disregard of Government regulations or improper internal policies *unless*, as a result of such acts, the provider knowingly asks the Government to *pay* amounts it does not owe." *Clausen*, 290 F.3d at 1311 (emphasis added).

A defendant is not liable under the FCA for a false statement unless it is used to have a false claim paid. *See United States v. Southland Management Corp.,* 326 F.3d 669, 675 (5th Cir. 2003) (Fifth Circuit held that where defendant's submission of claims for housing assistance payments during a two year period, when the units were not sanitary or safe, did not constitute the submission of a false claim because the owners were entitled to continue to receive payments until certain conditions occurred).

At oral argument, plaintiff's counsel conceded that he did not have any direct evidence that MCE submitted a false claim to Medicare. In fact, the deposition testimony of Frank Capozza, the plaintiff's expert witness, indicated that the August 10, 2001 UB-92 form that he examined did not contain any billing impropriety. Instead of relying on the UB-92 to substantiate his argument of an FCA violation, Columbia's theory of liability is akin to one for unjust

enrichment. According to the plaintiff, MCE is liable for its multiple use of what Columbia categorizes as a single-use bottle of contrast material. Columbia's argument assumes (1) that the contrast materials at issue in this case are sold in single-use bottles; (2) the existence of Medicare regulations prohibiting multiple use of single-use containers of contrast material which were not presented to the court; and (3) ignores the realities of the OPPS system of reimbursement linking reimbursement to a procedure, not the amount of materials used during the procedure. When questioned, plaintiff's counsel admitted that had no evidence of any Medicare regulations or interpretations of Medicare regulations supporting his assumptions.

Based on the foregoing analysis, the court concludes that the record does not contain sufficient evidence to permit a reasonable juror to determine that the defendant presented or caused to be presented a false or fraudulent claim for payment to an agent of the United States. Consequently, the defendant's partial motion for summary judgment (doc. # 80) is due to be GRANTED. Based on the court's determination that plaintiff has not raised a genuine issue of material fact on issues related to the False Claims Act, count II of the amended complaint alleging a conspiracy to submit fraudulent claims in violation of the False Claims Act is due to be DISMISSED as a matter of law pursuant to FED. R. CIV. P. 56.

For the reasons outlined by the court on the record at the December 19, 2006 hearing, the plaintiff's motion for partial summary judgment on the "factual issues" related to MCE's intent and ability to separately bill for containers of contrast material is due to be DENIED.

### III. CONCLUSION

Based on the foregoing, the defendant's motion for summary judgment (doc. # 80) on count I of the Third Amended False Claims Act Complaint is due to be GRANTED.

Furthermore, the court concludes that count II of the amended complaint is due to be DISMISSED as a matter of law pursuant to FED. R. CIV. P. 56.

The court also concludes that the defendant's motion to strike the testimony of Frank Capozza (doc. # 88) is due to be DENIED and the motion to strike the unsworn testimony of Frank Capozza is MOOT (doc. #92) .

A separate, final order will be entered.

DONE and ORDERED this 21st day of December, 2006.

/s/ Karon O. Bowdre
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE